WIGHTMAN BROTHERS *vs.* CHARLES KRUGER.

WIGHTMAN BROTHERS *vs.* KIRBY & COMPANY.

PROVIDENCE—JUNE 5, 1901.

PRESENT : Stiness, C. J., Rogers and Blodgett, JJ.

(1)    *New Trial. Accident and Mistake. Garnishment. Exceptions.*

After a garnishee had filed an affidavit showing no funds, he was summoned into court and examined on oral testimony and charged. On petition for new trial under Gen. Laws cap. 251, § 2, alleging accident and mistake :—

*Held,* that although the charging upon oral testimony was erroneous, nevertheless the garnishee had appeared by the filing of the affidavit; and the court had jurisdiction of the subject-matter, of the defendant and of the garnishee, and the charging was in effect a judgment which, unless appealed from, was conclusive. Being an error of law, the remedy should have been by exception, under Gen. Laws cap. 250, § 12.

(2)    *De minimis non curat lex. New Trial.*

A new trial will be refused where the amount involved is trifling and it is manifest that, whatever the result, it would be to the detriment of both parties.

PETITIONS for a trial of the above-entitled cases brought by the garnishees in the first case and the defendants in the second case. The facts are stated in the opinion. Heard, and petitions denied.

BLODGETT, J. These two petitions for new trial are considered together, upon the following agreed statement of facts:

"1. That on October 16, 1897, the plaintiffs commenced action against Kruger in the District Court of the Tenth Judicial District, and served a copy of the writ on George Kirby and Charles H. Grout for the purpose of attaching the personal estate of Kruger in their hands.

"2. That Kirby and Grout returned to the court affidavit showing no funds.

"3. That petitioners were subpœnaed (returnable March 3, 1899) to appear before said Tenth District Court to testify as to their liability as garnishees.

"4. That said Grout attended and testified orally, and on March 3, 1899, said court rendered judgment charging Kirby and Grout as garnishees for $18.50.

"5. That on July 7, 1899, plaintiffs brought an action against said garnishees under the statute, and recovered judgment October 24, 1899.

"6. That on March 2, 1900, garnishees filed a petition for a new trial in both cases, on the ground of accident and mistake."

(1)    While the charging by the District Court of Kirby & Grout, as garnishees, upon oral testimony, was erroneous (*Raymond* v. *Tinware Co.*, 14 R. I. 310), nevertheless the garnishees had appeared by the filing of their affidavits, and the court had jurisdiction of the subject-matter, of the defendants, and of the garnishees, and it appears by the agreed statement that the garnishees were charged upon their own testimony. In *Alves* v. *Barber*, 17 R. I. p. 714, the court decided that the charging of a garnishee was "in effect a judgment of the court, which, unless appealed from, was conclusive, not only upon the liability of the garnishee, but

also of the rights of the parties to the fund." And see *Eddy* v. *Providence Machine Co.*, 15 R. I. 7.

Being an error of law, the remedy therefore should have been pursued by exception to the ruling of the District Court taken to the Appellate Division of the Supreme Court under the provisions of section 12 of chapter 250, Gen. Laws, as follows:

"Any party to a civil suit, or suit in form civil, commenced in any district court shall, if he deem himself aggrieved by any ruling or decision, of such court, on any matter of law raised by the pleadings, or apparent upon, or brought upon, the record by a bill of exceptions, be entitled to have such matter of law heard before and decided by the appellate division of the supreme court."

In the case at bar the amount involved is only $18.50, and for the recovery of this sum these two actions have already been brought before the District Court, as well as two petitions for a new trial before this Division, and also an action of trover and another of replevin in the Common Pleas Division of this court.

(2) In *York* v. *Stiles*, 21 R. I. 225, the court said that a motion for a new trial "is never to be granted if the court can see that substantial justice has been done, notwithstanding irregularities may have occurred. Nor is it to be granted when the failure of justice has not been palpable; nor where the wrong done, however palpable it may be, is trivial in extent."

We think the amount involved is too trifling to warrant the court in sending the case back for another trial. Moreover, whatever the result of a new trial might be, if one should be had, it is manifest that it would be to the detriment of both parties to have one.

Petitions denied.

*Edward C. Stiness*, for plaintiffs.

*John A Tillinghast*, for garnishees and defendants.